UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 10-4224-VBF(MANx)**                    Dated: **July 22, 2011**

Title:   Christopher Ford -v- Engelhard Hanovia, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

       Joseph Remigio                              None Present
       Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

**PROCEEDINGS (IN CHAMBERS):**     **COURT ORDER RE DEFENDANT BASF CATALYSTS LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF CLAIMS [DKT. #22]**

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. **The hearing set for July 25, 2011 at 1:30 p.m. is vacated and the matter taken off calendar.**

I.  RULING

The Court has received Defendant BASF Catalysts LLC's Motion for Summary Judgment, or in the Alternative, for Summary Adjudication of Claims (dkt. #22), Plaintiff Christopher Ford's Opposition to Defendant BASF Catalysts LLC's Motion for Summary Judgment (dkt. #24), Reply in Support of Defendant BASF Catalysts LLC's Motion for Summary Judgment, or in the Alternative, for Summary Adjudication of Claims (dkt. #25), and related documents.  For reasons stated herein, the Court **GRANTS** the Motion for Summary Judgment, as Defendant has sufficiently shown that Plaintiff's claims are barred by the statute of limitations, and

Plaintiff has not met his burden of setting forth sufficient evidence showing that there is a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986); *see also* Fed. R. Civ. P. 56(e).

## II. BACKGROUND

On April 2, 2011, Plaintiff Christopher Ford filed the Complaint in state court (dkt. #1, Exh. A) against Defendant Engelhard Hanovia, Inc. Plaintiff alleged products liability and negligence in connection with his exposure to Engelhard Hanovia paint between 1976 and 1980. Compl. On April 20, 2010, Plaintiff amended the Complaint to add Defendants BASF Catalysts, LLC and BASF Aktiengesellsch (dkt. #1, Exh. B). On June 8, 2010, Defendant BASF Catalysts, LLC removed the action to this Court (dkt. #1). On October 21, 2010, the Court dismissed Defendants Engelhard Hanovia and BASF Catalysts, LLC (dkt. #21), and on June 1, 2011, the remaining Defendant in this action, BASF Catalysts, LLC filed the instant Motion for Summary Judgment, or in the Alternative, for Summary Adjudication of Claims (dkt. #22).

## III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

The nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. *See* Fed. R. Civ. P. 56(e) (nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but [] must set forth specific facts showing that there is a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'"

*Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512). "On summary judgment, the proper task is not to weigh conflicting evidence, but rather to ask whether the non-moving party has produced sufficient evidence to permit the fact finder to hold in his favor." *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001). If the non-moving party does not so respond, summary judgment shall be entered.

## IV. ANALYSIS

The statute of limitations for Plaintiff's personal injury claims, including both the negligence and products liability claims, is two years. California Code Civ. Pro. § 335.1; *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1109 (1988). In this case, Defendant argues that the statute of limitations has run, as Plaintiff admits that his alleged injury-causing exposure to Engelhard paint occurred between 1976 and 1980, so the time for filing the claims has expired. *See* Mot.

Plaintiff alleges that his claims are timely pursuant to the "discovery rule." California Code Civ. Pro. § 335.1; *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1109 (1988). Under such rule, a cause of action does not accrue until the plaintiff either discovers the injury and its negligent cause or could have discovered the injury and cause through the exercise of reasonable diligence. *San Francisco Unified School Dist. v. W.R. Grace & Co.*, 37 Cal.App.4th 1318, 1326 (1995). In order to invoke the discovery rule to delay accrual of his cause of action, Plaintiff must show that he conducted a reasonable investigation of all potential causes of that injury. *Fox v. Ethicon Endo Surgery, Inc.*, 35 Cal.4th 797, 808-09 (2005). If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light. *Id*.

Under the discovery rule, it is no defense that a plaintiff was allegedly unaware of the specific facts or legal theories necessary to establish a claim. *Lyles v. State of California*, 153 Cal.App.4th 281, 286 (2007). If a plaintiff is aware of his or her injury and has knowledge of sufficient facts to place him or her on actual or inquiry notice that the injury has a negligent cause, the statue of limitations begins to run. *Id*.

In the instant case, Plaintiff filed this action in April 2010, even though his injuries allegedly manifested in 1999, and he claims the

injury-causing exposure occurred between 1976 and 1980. Separate
Statement ¶ 106; Compl.; Hernandez Decl., Exhs. A, C; Pl. Depo. at p. 61
lines 20-23, p. 67 lines 2-13, p. 82 lines 21-23.  Plaintiff admits that
he was told he was suffering from molybdenum and copper poisoning
sometime between 2000 and 2002. Separate Statement ¶ 107, Pl. Depo. at p.
21 lines 10-16, p.25 lines 10-12, Hernandez Decl. Exh. C.  Plaintiff
states that as of 2006, he had investigated whether oils, lubricants,
other products he worked with at Sci-Tech and CF Scientific Glass, a flu
shot, possible mold in his house, his exposure to electric ovens while
glassblowing, glassblowing torch tips, or his hobby of painting ceramics
had caused his heavy metal poisoning. Separate Statement ¶ 110; Pl. Depo.
at p. 30 line 13 - p. 31 line 16, p. 33 lines 14-20, p. 44 lines 1-12;
Hernandez Decl. Exhs. C, M.  However, though his injuries manifested in
1999 and he began investigating such causes in 2002, Plaintiff states
that it was not until one day in 2009 that he "was just [] laying down
one night and [] just came up with an idea, well, Alan said that that
stuff used to be metals, have some metals in it." Separate Statement ¶
112; Pl. Depo. at p. 74 line 18 - p. 75 line 17, p. 158 lines 4-21; p.
160 lines 8-21; Hernandez Decl., Exh. C.  Plaintiff asserts that his
claims are timely because it was not until 2009 that he remembered this
conversation from 30 years before. *Id*.

The Court finds that Defendant has met its burden of demonstrating
the absence of a genuine issue of fact for trial, as Defendant has
sufficiently shown that Plaintiff's claims are barred by the statute of
limitations. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106
S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986).  Though Plaintiff alleges
that his claims are timely pursuant to the "discovery rule," he has not
sufficiently set forth evidence showing that there is a genuine issue of
fact for trial. *See* Fed. R. Civ. P. 56(e).  A "mere 'scintilla' of
evidence will be insufficient to defeat a properly supported motion for
summary judgment; instead, the nonmoving party must introduce some
'significant probative evidence tending to support the complaint.'"
*Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir.
1997) (quoting *Anderson*, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512).
The Court finds that Plaintiff has failed to do so and **GRANTS** summary
judgment.  Within 2 days, Defendant shall file a [Proposed] Judgment and
this case is **CLOSED.**

**IT IS SO ORDERED.**